FILED

JAN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANER VALENCIA CORTES, | No. 12-71215 |
| Petitioner, | Agency No. A200-150-011 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2013
Seattle, Washington

Before: SCHROEDER and PAEZ, Circuit Judges, and BENITEZ, District Judge.[**]

Janer Valencia Cortes ("Petitioner") petitions for review of a decision by the

Board of Immigration Appeals ("BIA") affirming the denial of his applications for

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

The Immigration Judge ("IJ") denied relief on two alternative and independent grounds: an adverse credibility finding and the lack of a nexus to a protected ground. The BIA affirmed on both. We deny the Petition.

Petitioner testified to multiple confrontations with unknown agents of the Fuerzas Armadas Revolucionarias de Colombia ("FARC") who, according to his testimony, recognized him as a member of the military despite not personally knowing him. He testified that they shot at him repeatedly and unsuccessfully, compelling him to go to the police and then to escape Colombia in a boat for Panama. Finding the testimony implausible, the IJ found Petitioner to lack credibility after he was unable to supply corroboration by way of a police report, or by any mention of the armed encounters in the letters he produced from relatives. The evidence does not compel a contrary conclusion on credibility. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). The decision was not based on speculation or conjecture about what the attackers would do, but on the improbability of Petitioner's own conduct. *Cf. Lopez-Reyes v. INS*, 79 F.3d 908, 912 (9th Cir. 1996) (rejecting adverse credibility finding based on IJ's speculation that the attackers would have killed the petitioner).

Even assuming Petitioner testified credibly, however, his testimony does not establish that his treatment by the FARC agents was on account of a protected

2

ground.  INA § 241(b)(3)(A).  The alleged confrontations were prompted by Petitioner's association with the military and not by any of his political opinions or beliefs.  *Cruz-Navarro v. INS*, 232 F.3d 1024, 1028–29 (9th Cir. 2000); *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991).  The evidence does not compel the conclusion that Petitioner's political opinion was a central reason for the attack.  *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Petition for review **DENIED**.

*Cortes v. Holder*, No. 12-71215

PAEZ, Circuit Judge, dissenting.

I respectfully dissent. The majority concludes that the IJ's findings of implausibility concerning Cortes's testimony are distinguishable from the circumstances in *Lopez-Reyes* because they were "not based on speculation or conjecture about what the attackers would do, but on the improbability of the Petitioner's own conduct." Mem. at 2. I disagree. In *Lopez-Reyes*, we considered circumstances where the petitioner testified that he was approached by twenty armed guerillas who fired shots at him and beat him with rifles. 79 F.3d at 910. The IJ determined that the petitioner was not credible because it was implausible that the guerillas would beat, shoot at and threaten him, but not kill him. *Id.* We held the IJ's adverse credibility determination was not supported by substantial evidence because it was not based on objective fact or cogent reason, but rather on personal conjecture about what guerillas would and would not do. *Id.* at 912.

Here, the IJ found that Cortes was not credible because it was "implausible that if [the FARC] wanted to shoot [Cortes] that they would fail to do so, having fired at him numerous times." The IJ offered no objective factual explanation for this conclusion, nor any cogent reason beyond her personal conjecture about what the FARC would and would not do. Moreover, this finding was based, not on Cortes's actions, as the majority suggests, but on speculation regarding the actions

and intentions of the FARC. In my view, the circumstances here are analogous to those in *Lopez-Reyes* and I would therefore conclude that the IJ's adverse credibility determination is not supported by substantial evidence.[1]

The majority also holds that, even were we to assume that Cortes was a credible witness, he has not established that the persecution he experienced was on account of a protected ground. Mem. at 2-3. In so holding, the majority explains that "[t]he alleged confrontations were prompted by Petitioner's association with the military and not by any of his political opinions or beliefs." Mem. at 2-3. In my view, this conclusion does not accurately reflect Cortes's testimony.

As Cortes explained, although the FARC members initially contacted him because of his military status, they subsequently threatened and persecuted him only after he refused to assist them and insinuated that they were a terrorist organization. As the testimony clearly shows, Cortes was first approached by the

---

[1]Although the majority does not address the other credibility issues raised by the IJ, I note that as to these adverse credibility findings, the IJ either failed to provide Cortes with an opportunity to explain any of the identified inconsistencies, or failed to consider proffered explanations. This was error and "prevents the underlying inconsistency from serving as substantial evidence to support the IJ's adverse credibility finding." *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009); *see also Joseph v. Holder*, 600 F.3d 1235, 1244-45 (9th Cir. 2010). I would therefore remand these additional credibility issues to the BIA for further consideration. Once the agency has revisited the credibility issues, it can apply our decision in *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), to determine whether corroborative evidence is needed.

FARC members when leaving church. They informed him that they needed information about his military service and the military base at which he worked. They also wanted him to help them in their efforts against the government. Cortes refused, stating that he was not a criminal or a terrorist. He then testified that, "they told me since I had refused, they said I'm not going to live to tell the story, because no one says no to us." It was only after this exchange that Cortes was threatened and later shot at several times by the FARC members.

To conclude that this evidence does not compel the conclusion that Cortes's political opinion was a central reason for his persecution, and that he was instead persecuted on account of his military status, is an erroneous reading of the record. In light of the record in this case, I would hold that the IJ and BIA erred in finding that the harm Cortes experienced was on account of his military status, and would remand for proper consideration of his political opinion claim.

For all of these reasons, I would grant the petition and remand Cortes's claims for withholding of removal under 8 U.S.C. § 1231(b)(3) and relief under the Convention Against Torture, 8 C.F.R. § 1208.16(c)(2), for further consideration.